IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DORINE BARRANCO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2008-900041 |
| ) | |
| AXA EQUITABLE LIFE INSURANCE ) | 1:08-cv-164 |
| COMPANY, f/k/a THE EQUITABLE LIFE ) | |
| ASSURANCE SOCIETY OF THE UNITED ) | |
| STATES, AXA DISTRIBUTORS, ) | |
| LLC, and AXA ADVISORS, LLC., F/K/A ) | |
| EQ FINANCIAL CONSULTANTS, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS AXA EQUITABLE LIFE INSURANCE COMPANY, AXA DISTRIBUTORS, LLC AND AXA ADVISORS, LLC

AXA Equitable Life Insurance Company ("AXA Equitable"), AXA Distributors, LLC ("AXA Distributors") and AXA Advisors, LLC ("AXA Advisors" and, together with AXA Equitable and AXA Distributors, the "Defendants") hereby answer Plaintiffs' Complaint, as set forth below. In answer to the numbered allegations of the Complaint, the Defendants state as follows:

1. Upon information and belief, Defendants admit that Plaintiffs Rhoda S. Boone, Ashley Hiatt Wiggins, Linda Cheri Kelly-Sherer, Jo Anne Merritt, Howard W. Dunn, Charles B. Emmett, Peggy Shannon Hall, Peggy June Johnson, Frank Miller, Kevin M. Patton, James Zandy Williams and Sandra Williams are over the age of nineteen and residents of Houston County, Alabama.

2. Upon information and belief, Defendants admit that Plaintiffs Gerald F. Trammell and Kathryn M. Foster are over the age of nineteen and residents of Henry County, Alabama.

3.   Upon information and belief, Defendants admit that Plaintiffs Dorine Barranco, Billie S. Rivenbark, Tony R. Spivey, LaDonna B. Spivey, Earl D. Matthews, Gerald C. Caputo and Marjorie L. Caputo are over the age of nineteen and residents of Dale County, Alabama.

4.   Upon information and belief, Defendants admit that Plaintiff Tommy E. Smith is over the age of nineteen and a resident of Coffee County, Alabama.

5.   Upon information and belief, Defendants admit that Plaintiff Jeanette K. Parker is over the age of nineteen and a resident of Barbour County, Alabama.

6.   Upon information and belief, Defendants admit that Plaintiff Lynda Wirtzfeld is over the age of nineteen and a resident of Canyon County, Idaho.

7.   Defendants admit that AXA Equitable is a corporation organized under the laws of the State of New York with its principal place of business in the State of New York, and that AXA Equitable is authorized to do business in the State of Alabama, and has, at all relevant times, conducted business in Alabama. Defendants further admit that AXA Equitable is a stock life insurance company that is one of the largest life insurance companies in the United States. To the extent not admitted by the foregoing, the allegations of paragraph 7 are denied.

8.   Defendants admit that AXA Advisors is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York, and that AXA Advisors is authorized to do business in the State of Alabama, and has, at all relevant times, conducted business in Alabama. Defendants admit that AXA Advisors engages in retail sales of Accumulator annuities and that AXA Advisors is a broker-dealer registered with the Securities and Exchange Commission. Defendants further admit that AXA

Distributors is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York, and that AXA Distributors is authorized to do business in the State of Alabama, and has, at all relevant times, conducted business in Alabama. Defendants admit that AXA Distributors markets Accumulator annuities at a wholesale level and that AXA Distributors is a broker-dealer registered with the Securities and Exchange Commission. To the extent not admitted by the foregoing, the allegations of paragraph 8 are denied.

9.   The allegations of this paragraph are not directed at Defendants, thus no response is required. To the extent that a response may be deemed to be required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

10.   Defendants are without knowledge or information sufficient to admit or deny the amount of damages that Plaintiffs are claiming. Notwithstanding the foregoing, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

11.   Defendants admit that on the face of the Complaint, there are no claims stated under federal law. To the extent not admitted by the foregoing, the allegations of paragraph 11 are denied.

12.   Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph separately and severally, and demand strict proof thereof. Defendants reserve all rights to contest joinder in this matter.

13.   Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

14. Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

15. Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

16. Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

17. Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

18. Defendants deny the allegations of this paragraph, but admit that Plaintiffs received statements regarding their AXA Equitable variable annuity investments.

19. Defendants deny the allegations of this paragraph separately and severally, including its subparts, and demand strict proof thereof.

## COUNT ONE

20. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

21-27. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT TWO

28. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

29-32. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT THREE

33. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

34-38. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT FOUR

39. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

40. The writings referenced in this paragraph speak for themselves, and any characterization of them is denied. Without denying the existence and status of contracts of record, Defendants deny the material allegations of this paragraph, and demand strict proof thereof.

41. The writings referenced in this paragraph speak for themselves, and any characterization of them is denied. Without denying the existence and status of contracts of

record, Defendants deny the material allegations of this paragraph, and demand strict proof thereof.

42-44. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT FIVE

45. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

46-49. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT SIX

50. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

51-52. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## FIRST DEFENSE

The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants plead the general issue.

## THIRD DEFENSE

Defendants are not liable to plaintiffs.

## FOURTH DEFENSE

Plaintiffs lack standing to sue.

## FIFTH DEFENSE

Plaintiffs' claims are barred by estoppel, laches and/or waiver.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of merger and under the parol evidence rule.

## NINTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because plaintiffs have failed to mitigate their damages.

## TENTH DEFENSE

There is improper venue.

## ELEVENTH DEFENSE

Defendants plead that the transactions alleged were voluntarily undertaken, that Plaintiffs had the opportunity and the obligation to read all documents presented to or signed by Plaintiffs, that the terms of the contracts purchased were fully disclosed to Plaintiffs, that Plaintiffs knowingly entered into the transactions, having either understood the transactions or having failed to avail themselves of the opportunity to understand the transactions.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the failure to do equity.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the Complaint.

## FIFTEENTH DEFENSE

Defendants aver that they did not participate in, authorize, ratify, or benefit from any alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## SIXTEENTH DEFENSE

Defendants deny that they have been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allows plaintiffs to recover punitive damages.

## SEVENTEENTH DEFENSE

Plaintiffs' claims for the recovery of punitive damages are barred by sections 6-11-20, et seq., of the Code of Alabama.

### EIGHTEENTH DEFENSE

Plaintiffs' claims for the recovery of punitive damages are barred by section 6-11-27 of the Code of Alabama.

### NINETEENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in Code of Alabama sections 13-A-4-11 and 13-A-5-12 jointly and separately.

### TWENTIETH DEFENSE

To the extent that Plaintiffs seek damages for alleged mental anguish or emotional distress, Plaintiffs cannot recover damages for such claims because Plaintiffs cannot allege or prove that Plaintiffs have sustained a physical injury as a result of Defendants' alleged conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

### TWENTY-FIRST DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendants would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I,

Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### TWENTY-THIRD DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### TWENTY-FOURTH DEFENSE

Defendants cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

### TWENTY-FIFTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### TWENTY-SIXTH DEFENSE

Ala. Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit for awards of punitive damages as a matter of public policy in this state.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would

violate Defendants' substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

### TWENTY-EIGHTH DEFENSE

Any award of punitive damages to Plaintiffs in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendants have first been provided with "an opportunity to present every available defense." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

### TWENTY-NINTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendants without due process, to the extent that Plaintiffs seek to punish Defendants for an injury inflicted upon nonparties to this litigation (e.g., victims whom the Plaintiffs do not represent). "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . ., i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007). The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

### THIRTIETH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State of Alabama lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in place in Alabama deprives Defendants of "fair notice . . . of the severity of the penalty that [could be] impose[d]," and subjects Defendants to an "arbitrary

punishment" that did not reflect an "application of law" but rather "a decision maker's caprice." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1062 (2007) (citations omitted).

### THIRTY-FIRST DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because Alabama law does not provide the appropriate standards for the imposition of punitive damages. Thus, Alabama's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendants to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1059 (2007) (citations omitted).

### THIRTY-SECOND DEFENSE

Plaintiff's claims for punitive damages against the Defendants cannot be sustained, because an award of punitive damages based on anything other than Defendants' conduct toward actual parties imposes "one State's (or one jury's) 'policy choice' upon 'neighboring states' with different public policies," in violation of the Due Process Clause of the United States Constitution. *Philip Morris v. Williams*, 127 S. Ct. 1057, 1059 (2007) (quoting *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L. Ed. 2d 809).

## THIRTY-THIRD DEFENSE

Plaintiffs' claims for punitive damages against Defendants cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are improperly joined.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred for the reason that their damages were caused by an intervening and/or superseding cause.

## THIRTY-SIXTH DEFENSE

Plaintiffs' losses, if any, were market losses that were not caused by Defendants and for which Defendants should not be held liable.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' injuries or damages, if any, are due to the acts or omissions of third parties over which Defendants had no control or right to control.

## THIRTY-EIGHTH DEFENSE

Each of the Plaintiffs received a detailed prospectus which fully disclosed the material facts related to their investment.

## THIRTY-NINTH DEFENSE

Plaintiffs were not customers of and do not share privity with AXA Distributors or AXA Advisors.

## FORTIETH DEFENSE

Plaintiffs' claims are barred by contributory negligence.

## FORTY-FIRST DEFENSE

Defendants reserve the right to assert other defenses and claims when and if it becomes appropriate during this action. Defendants hereby specifically deny any allegations contained in the Complaint which were not expressly admitted.

WHEREFORE, Defendants respectfully pray that upon final trial of this cause, final judgment be entered for Defendants and against Plaintiffs, that Plaintiffs take nothing by their suit, that all the relief prayed for by Plaintiffs be denied, that Defendants recover from Plaintiffs their costs and reasonable attorneys' fees and that Defendants have other and further relief to which they may show themselves justly entitled.

_/s/ A. Inge Selden III_
A. Inge Selden III (SEL003)
John N. Bolus (BOL022)
Andrea Morgan Greene (GRE102)

Attorneys for Defendants
AXA Equitable Life Insurance Company and
AXA Distributors, LLC and AXA Advisors, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

15

Case 1:08-cv-00164-WHA-TFM   Document 2   Filed 03/07/2008   Page 15 of 16

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing Answer has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Andrew P. Campbell
Caroline Smith Gidiere
Campbell, Gidiere, Lee, Sinclair & Willaims, PC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209

on this the 7th day of March, 2008.

OF COUNSEL